## LIPPERT v. LESKI.

(Supreme Court, Appellate Division, Second Department.　January 16, 1903.)

1. ANIMALS—DOGS—VALUE—EVIDENCE.

In an action for damages for killing a dog, evidence that it watched the house and yard, and, by plaintiff's attorney as an expert, not having seen the dog, that it was "reasonably worth $25, if for nothing else than as a watchdog," did not constitute sufficient basis for an estimation of the value of the dog.

Appeal from municipal court, borough of Manhattan.

Action by Alvina Lippert against Ernest Leski. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Willoughby B. Dobbs, for appellant.
Peter A. Sheil, for respondent.

WOODWARD, J. The plaintiff was the owner of a dog of uncertain lineage. The dog trespassed upon the premises of the defendant's mother, is alleged to have stolen certain articles of food from the premises, and to have chased the defendant into the house when he attempted to drive the dog away. The defendant shot and killed the dog, and this action was brought to recover damages for the killing, resulting in a judgment of $25, from which the defendant appeals.

We think there is no competent evidence in this case of the value of the dog; that the plaintiff's expert witness was not shown to be qualified to express an opinion upon the value of a dog which he had never seen, basing his opinion upon the evidence in the case, which afforded no foundation for any calculation as to the uses or value of the animal. The evidence, so far as it showed anything, was to the effect that the dog was a cross between a terrier and a bulldog, and there was a general statement that "she watched the house and yard," but whether she watched the house and yard to any good or valuable purpose does not appear. The plaintiff's expert, who was also her attorney, testified, upon this basis, that "this dog was reasonably worth $25, if for nothing else than a watchdog." This testimony was volunteered, and defendant's attorney asked to have the same stricken out, but without avail, and an exception was taken. This is the only evidence as to the value of the dog, and we are clearly

of opinion that it does not constitute a sufficient basis for the judg-ment, assuming that the animal was killed without justification.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event. All concur.